IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN LEE COCKERHAM, JR., | § | |
| Reg. No. 97305-180, | § | |
|     Petitioner, | § | |
| | § | EP-13-CV-327-KC |
| v. | § | |
| | § | |
| RACHEL CHAPA, Warden, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

In a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner John Lee Cockerham, Jr., an inmate confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks relief from a guilty-plea conviction for conspiring to launder money, in violation of 18 U.S.C. § 1956.[2] Relying on the Supreme Court's opinion in *United States v. Santos*[3]—which held the federal money-laundering statute applied only to transactions involving criminal profits, not criminal receipts[4]—Cockerham maintains that he is actually innocent because "it was never found that [he] had profited from any of the alleged unlawful activity ..."[5]

After carefully reviewing the record and for the reasons discussed below, the Court will dismiss Cockerham's petition, pursuant to 28 U.S.C. § 2243, because it appears from his

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2006).

[2] *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. Dec. 19, 2009), *aff'd*, 396 F. App'x 66 (5th Cir. 2010), *cert. denied*, 132 S.Ct. 51 (2011).

[3] 553 U.S. 507 (2008).

[4] *Id.*, at 524.

[5] Pet. for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241), p. 7.

application that he is not entitled to relief.[6]

## FACTUAL AND PROCEDURAL HISTORY

From June 2004 through late December 2005, Cockerham, a Major in the United States Army stationed at Fort Sam Houston in San Antonio, Texas, was deployed to Camp Arifjan, Kuwait, where he served as a Contracting Officer. Cockerham was responsible for soliciting bids and awarding Department of Defense ("DOD") contracts for goods and services necessary to support Operation Iraqi Freedom. During the time in question, Cockerham agreed to accept approximately $9.6 million in bribes from numerous contractors in return for using his official position to award DOD contracts to the contractors. Cockerham had the bribe proceeds deposited into, or wired to, safe deposit boxes and bank accounts in Kuwait and Dubai.

On August 22, 2007, a federal grand jury sitting in the Western District of Texas, San Antonio Division, returned a six-count indictment against Cockerham. Cockerham pleaded guilty, pursuant to a plea agreement, to conspiracy to defraud the United States ("count one"), bribery ("count four"), and conspiracy to commit money laundering ("count five"). The Court accepted Cockerham's pleas and sentenced him to 60 months' imprisonment on count one, 180 months' imprisonment on Count four, and 210 months' imprisonment on count five. The Court ordered the prison terms to run concurrently. The Fifth Circuit Court of Appeals affirmed Cockerham's convictions, and, on May 2, 2011, the Supreme Court denied his petition for a writ of certiorari.

---

[6] 28 U.S.C. § 2243 (2006) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Cockerham filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence on July 19, 2012.  In his motion, Cockerham asserted, among other grounds for relief, that he was actually innocent with regard to the money laundering conspiracy.[7]  The Court denied the § 2255 motion as time barred,[8] and the Fifth Circuit denied him a certificate of appealability.[9]  The instant § 2241 petition followed.

## LEGAL STANDARD

Generally, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[10]  In the instant case, however, Cockerham attacks his underlying conviction.  The primary means of collaterally attacking a federal conviction is generally a motion to vacate, set aside, or correct a sentence, pursuant to § 2255.[11]  There is, however, a "savings clause" in § 2255 which acts as a limited exception to the general rule outlined above.[12]  Pursuant to this savings clause, a federal

---

[7] Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Set Aside Sentence by a Person in Federal Custody (ECF No. 413), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. filed July 23, 2012), p. 11–12.

[8] Order Accepting Magistrate Judge's Recommendation (ECF No. 422), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Aug. 27, 2012).

[9] *United States v. Cockerham*, No. 12-50960 (5th Cir. Aug. 20, 2013).

[10] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[11] 28 U.S.C. § 2255.

[12] *See Id.* § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

court may consider a § 2241 petition which challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[13]  In order to meet the "inadequate or ineffective" requirement, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[14]  Thus, three issues are relevant analytically.  First, there must be a Supreme Court decision with retroactive effect.  Second, the Supreme Court decision must establish that the § 2241 petitioner may have been convicted of a nonexistent offense.  Third, the petitioner's claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or first § 2255 motion.  A petitioner must prove all three elements to successfully invoke the savings clause.[15]

With these principles in mind, the Court turns to Cockerham's claims.

## ANALYSIS

In his § 2241 petition, Cockerham seeks relief from his conviction for conspiracy to launder money.  He asserts "[e]vidence has shown that there was no profit as it relates to petitioner."[16]  He relies on the Supreme Court's holding in *United States v Santos*—that the term "proceeds" in the money-laundering statute, 18 U.S.C. § 1956, means "profits," not "gross

---

[13] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[14] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[15] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[16] Pet. for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241), p. 7.

receipts"[17]—to support his claim that he is actually innocent of the offense.

As discussed above, a petitioner may proceed with an attack on the validity of a conviction and sentence in a § 2241 petition only if he can meet the requirements of the "savings clause" in § 2255(e).[18]  The Court will accordingly examine if (1) Cockerham's claim is based on a retroactively applicable Supreme Court decision, (2) the decision establishes that Cockerham may have been convicted of a nonexistent offense, and (3) circuit law precluded Cockerham's claim at the time it should have been raised in his trial, appeal, or § 2255 motion.[19]

A chronology will establish that Cockerham does not meet the requirements of the "savings clause."  The record shows a grand jury indicted Cockerham for one count of conspiracy to commit money laundering and other offenses on August 22, 2007.[20]  Cockerham pleaded guilty, pursuant to a plea agreement, to three counts of the indictment, including one count of conspiracy to commit money laundering, on February 1, 2008.[21]  The Supreme Court handed down its opinion in *United States v. Santos* on June 2, 2008.[22]  The Court entered its final judgment in Cockerham's criminal case on December 12, 2009.[23]  The Fifth Circuit held *United*

---

[17] 553 U.S. 507, 510–14 (2008).

[18] *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir.2000) (per curiam).

[19] *Reyes–Requena*, 243 F.3d at 904.

[20] Indictment (ECF No. 13), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Aug. 22, 2008).

[21] Minute Entry (ECF No. 102), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Feb. 1, 2008).

[22] 553 U.S. 507 (2008).

[23] J. in a Criminal Case (ECF No. 221), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Dec. 18, 2009).

*States v. Santos* applied retroactively and a dispute over the term "proceeds" in the money-laundering statute was sufficient to establish a habeas petitioner might have been convicted of a nonexistent offense on August 13, 2010.[24] The Fifth Circuit affirmed Cockerham's convictions on September 22, 2010, and the Supreme Court denied his petition for a writ of certiorari on May 2, 2011.

Further, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[25] According to § 2255(f), a federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[26] A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied.[27] Cockerham's conviction, therefore, became final on May 2, 2011, well after the Fifth Circuit held *United States v. Santos* applied retroactively. Cockerham had at least until May 1, 2012, to timely file a § 2255 motion.

---

[24] *Garland v. Roy*, 615 F.3d 391, 397 (5th Cir. 2010).

[25] 28 U.S.C. § 2255(f).

[26] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[27] *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Cockerham constructively filed[28] a § 2255 motion—which did not cite *United States v. Santos*—on July 19, 2012.[29]  The United States Magistrate Judge to whom the Court referred the motion[30] determined the "limitations provision in this case began running at the time Cockerham's judgment became final."[31]  Accordingly, he found the "§ 2255 motion was untimely filed ... and should be dismissed."[32]  The Court accepted the report and dismissed Cockerham's § 2255 motion as time-barred.[33]

The Fifth Circuit has repeatedly found that a prior unsuccessful § 2255 petition does not, by itself, render it ineffective or inadequate for the purposes of the "savings clause."[34]  Moreover, the Fifth Circuit has explained in a similar case that a "prior unsuccessful § 2255 motion does not render § 2255 relief inadequate[.]  The fact remains that his claim was not 'unavailable' to him.

---

[28] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998)).  Although the District Clerk did not receive the motion until May 9, 2011, Sifuentes claims he mailed the original motion in October.

[29] Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Set Aside Sentence by a Person in Federal Custody (ECF No. 413), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. filed July 23, 2012).

[30] *See* 28 U.S.C. § 636(b)(1)(B) (2006) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[31] Report and Recommendation (ECF No. 416), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Aug. 7, 2012), p. 4.

[32] *Id.*

[33] Order Accepting Magistrate Judge's Recommendation (ECF No. 422), *United States v. Cockerham*, SA-07-CR-511-RF-1 (W.D. Tex. entered Aug. 27, 2012).

[34] *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

... Thus, his challenge to his money laundering conviction and sentence does not meet the savings clause test ..."[35]

## CONCLUSION AND ORDERS

After carefully examining the record, the Court finds that Cockerham could have raised the issue addressed in *United States v. Santos* in a timely § 2255 motion. The Court further finds Cockerham has not meet the criteria required to support a claim under the "savings clause" of § 2255. It appears to the Court that Cockerham is simply trying to circumvent the § 2255 limitations period by pursuing his instant § 2241 petition. He is not, therefore, entitled to relief. The Court, therefore, enters the following orders:

1. The Court **DISMISSES** Petitioner Cockerham's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for want of jurisdiction.

2. The Court additionally **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SIGNED** this 15th day of **November 2013**.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[35] *Braddy v. Fox*, 476 F. App'x 51, at **1 (5th Cir. 2012) (citing *Kinder*, 222 F.3d at 213.